## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEEN RIVERS, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-0079 |
| | : | |
| SCOTT D. GALLOWAY, | : | |
| *Defendant*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                    **FEBRUARY 12, 2020**

Plaintiff Rasheen Rivers sued Scott D. Galloway, his court appointed criminal

defense attorney, claiming that Galloway provided inadequate representation during

his state proceedings.  Rivers seeks leave to proceed i*n forma pauperis*.  For the

following reasons, Rivers will be granted leave to do so and his Complaint will be

dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I

The allegations in Rivers's Complaint are brief.  He alleges that because of the

"lack of defense by [his] attorney," he was exposed to an abusive environment while

incarcerated.  (ECF No. 2 at 6.)[1]  Rivers requests that this Court "provide a scope of

review on the handling of evidence in my case" and seeks $10,000 in compensatory

damages "from Scott Galloway for hesitating on sentencing sheet issue on filing timely

motion pertaining to time credit and the denile [sic] of calling of notice of alibi that was

pertaining to case that could [have] change[d] the outcome of case."  (*Id.*)  Rivers

further asserts that Galloway "has given the Parole Probation and Parole team extra

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

time to deprive [his] liberty and violated [his] civil rights in the 4th Amendment." (*Id.*)

According to the state court docket for River's underlying case, Galloway represented

Rivers in criminal state court proceedings in the Court of Common Pleas of Delaware

County.[2] *See Commonwealth v. Rivers*, Docket No. CP-23-CR-0006706-2012 (Delaware

Cty. Court of Common Pleas).

## II

The Court will grant Rivers leave to proceed *in forma pauperis* because it

appears that he is incapable of paying the fee to commence the civil action.

Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss

the Complaint if it fails to state a claim. Whether a complaint fails to state a claim

under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to

dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*,

184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the

complaint contains "sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

omitted). Conclusory allegations do not suffice. *Id.* The Court may also dismiss claims

based on an affirmative defense if the affirmative defense is obvious from the face of the

Complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v.*

*United States*, 392 F. App'x 938, 943 (3d Cir. 2010). As Rivers is proceeding *pro se*, the

Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir.

2011).

## III

---

[2] The Court may consider matters of public record when evaluating whether a complaint
states a claim. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

The Court understands Rivers to be raising claims against Galloway based on his performance as his defense counsel. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The law is settled that criminal defense attorneys are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, as Galloway is not a state actor subject to liability under § 1983, the Court will dismiss Rivers's claims against him as legally baseless.

IV

For the foregoing reasons, the Court will grant Rivers leave to proceed *in forma pauperis* and dismiss his Complaint against Galloway with prejudice for failure to state a claim upon which relief may be granted. [3] Rivers's Motion for Appointment of Counsel will be denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

---

[3] The Complaint is dismissed with prejudice since any amendment of a claim based upon Galloway's representation of Rivers would be futile.

**BY THE COURT:**


*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**